JUSTICE HUDSON, dissenting: I disagree with several aspects of the majority’s opinion. First, I believe that K.O. appeared at trial within the meaning of both section 115 — 10 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115 — 10 (West 2002)) and Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004). Second, I believe that KO.’s statement to C.O. was admissible. The majority does correctly conclude that this statement is not testimonial. I do not agree, however, that the statement lacks corroboration such that it is inadmissible pursuant to section 115 — 10. Accordingly, I respectfully dissent. The majority holds that “[w]e cannot conclude that a witness’s mere presence in court to answer general questions without testifying about the alleged offense is sufficient to qualify as testimony pursuant to section 115 — 10.” 396 Ill. App. 3d at 899. The majority goes on to cite Crawford for the proposition that the confrontation clause requires a declarant to be “present at trial to defend or explain” an out-of-court statement. Crawford, 541 U.S. at 60 n.9, 158 L. Ed. 2d at 198 n.9, 124 S. Ct. at 1369 n.9. Parenthetically, I do not disagree with the majority’s use of Crawford’s definition of “present” to analyze whether the declarant appeared for the purposes of section 115 — 10; indeed, the standard that has been articulated for determining whether a child has appeared under section 115 — 10 is similar to the standard articulated in Crawford. See People v. Bowen, 183 Ill. 2d 103, 115 (1998) (holding that, absent a finding of unavailability, “section 115 — 10 makes the introduction of the statements expressly contingent upon the child’s production for direct and cross-examination at trial” (emphasis added)). Initially, I am not persuaded by the majority’s attempt to distinguish People v. Sharp, 391 Ill. App. 3d 947, 953-54 (2009). In that case, the victim testified to events before and after the crime, but when the State asked her about the actual crime, the record showed only “ ‘No response by witness,’ ” which indicated that she refused to respond. Sharp, 391 Ill. App. 3d at 954. The victim answered all questions put to her by defense counsel during cross-examination, and defense counsel made no attempt to question the victim about the crime itself. Sharp, 391 Ill. App. 3d at 954. The fact that, as the majority points out, the victim testified at “some length” about events that occurred before and after the assault does not alter the fact that she did not testify about the assault itself. Sharp, 391 Ill. App. 3d at 953-54. Moreover, unlike the victim in Sharp, who refused to answer certain questions, K.O. at least responded that she did not know or could not recall certain facts. In any event, I believe that the testimony that K.O. did give was sufficient to satisfy the requirements of the confrontation clause and section 115 — 10 in accordance with applicable case law. The following recent cases provide sound guidance for resolving this issue. In People v. Garcia-Cordova, 392 Ill. App. 3d 468, 472-73 (2009), the victim, after testifying to some preliminary matters, made an in-court identification of the defendant as her stepfather, but denied that she lived with anyone besides her mother and sister. She denied remembering going to a medical clinic and telling someone a secret. She recalled meeting two investigators and drawing pictures during the meeting, but she stated that she did not recall the purpose of the meeting. She identified one of the drawings, including stating that it depicted her and the defendant’s hand, but she also stated “ ‘It was a long time ago’ ” and could not say what the defendant’s hand was doing. GarciaCordova, 392 Ill. App. 3d at 472. She identified other pictures she drew, while stating that she did not recall drawing others. She also testified that she did not know why she drew any of the drawings. She denied seeing certain anatomical charts, while acknowledging seeing others. She further denied remembering anything occurring in her bedroom or on the couch. Finally, she testified that she did not know what part of the body the bottom part of a bathing suit covered or whether there were parts of the body that should not be touched. Defense counsel declined to cross-examine. Though the victim’s responses may not always have been what counsel was seeking to elicit, the victim remained responsive throughout the examination and did not “freeze up.” We held that the victim had appeared within the meaning of the confrontation clause. Garcia-Cordova, 392 Ill. App. 3d at 483-84. At the opposite end of the spectrum is In re Rolandis G., 232 Ill. 2d 13 (2008). There, the victim, after answering a few preliminary questions and identifying the respondent as someone he knew from the neighborhood, “resolutely refused to respond” to additional questions. Rolandis G., 232 Ill. 2d at 18. The court took a short recess, and the victim spoke with his mother and a child advocate. When trial resumed, the victim “could not bring himself to answer questions about the allegations.” Defense counsel declined an opportunity to attempt cross-examination. In Garcia-Cordova, we noted that Rolandis G. provides no detailed discussion of the availability issue and that the case can be read as standing “for the proposition that where a child answers some preliminary questions unrelated to the allegations but refuses to answer in any form substantive questions regarding the allegations, the child is unavailable.” Garcia-Cordova, 392 Ill. App. 3d at 481. The present case lies somewhere between Rolandis G. and Garcia Cordova. K.O. testified that she used to go to her grandmother’s house after school but no longer did so. She testified that her Aunt Minnie lived there as well and that Minnie was not married. She answered “no” when asked if anyone else lived in the house. She did not recall the occasion upon which she helped her father change her brother’s diaper. She stated that she did not know who slept in her grandmother’s basement. However, she then testified that she had seen her Aunt Alberteeta in the basement and that Alberteeta was married to Jimmy. She made an in-court identification of defendant as Jimmy. She stated that Jimmy was married to Alberteeta but denied that he was her uncle. She stated that she did not like Jimmy but could not say why. She acknowledged that she had visited the police station but denied answering any questions. She recalled speaking with the assistant State’s Attorney the day before the trial. The court took a recess when K.O. put her head down and started crying. Following the recess, the State said it had no further questions. During cross-examination, K.O. acknowledged that she had an Uncle Jimmy, but answered “I don’t know” when asked if Jimmy was mean, whether he disliked her, or if he had ever told her to go upstairs when she went into the basement where he lived. K.O. replied “no” when asked if she had ever lied to her parents about Jimmy or if she had ever told her dad anything about him. She responded affirmatively when asked if she got hit with a belt when she did something bad and admitted that she has told lies in the past. She denied that a cousin had exposed himself to her or tried to kiss her on the mouth. Defense counsel never actually broached the subject of the alleged crime, but K.O. did respond to all questions put to her. The trial court ruled that K.O. was available as a witness. I believe that the present case is more akin to Garcia-Cordova. Unlike the child in Rolandis G., K.O. never refused to respond. Rather, as in Garcia-Cordova, K.O. continued to answer questions, despite needing two recesses. Furthermore, unlike both Rolandis G. and Garcia-Cordova, defense counsel actually engaged in some cross-examination of K.O. KO.’s answers may not have been what counsel was seeking to elicit; however, we found that to be of no consequence in Garcia-Cordova. In this case, many of K.O.’s responses were claims that she did not know certain things or could not remember various events. That brings us to the question of how we should treat the situation when a declarant asserts lack of knowledge by answering “I don’t know” or “I don’t remember.” The weight of authority holds that the fact that a witness does not recall something does not render the witness unavailable. See Garcia-Cordova, 392 Ill. App. 3d at 483 (“[T]he Illinois Appellate Court has held on numerous occasions that claims of memory loss and denials of making previous statements do not necessarily require a finding that the witness was unavailable for cross-examination” (collecting cases)); People v. Bakr, 373 Ill. App. 3d 981, 987 (2007) (“[N]o confrontation clause problems exist simply because a declarant’s alleged memory problems precluded the declarant from being cross-examined to the extent that defense counsel would have liked” (emphasis added)); People v. Desantiago, 365 Ill. App. 3d 855, 869 (2006); see also People v. Sutton, 233 Ill. 2d 89, 122-23 (2009) (holding that, under United States v. Owens, 484 U.S. 554, 98 L. Ed. 2d 951, 108 S. Ct. 838 (1988), a witness is available for cross-examination even when the witness cannot recall past events). Thus, the fact that K.O. testified that she did not know of or could not recall certain events did not render her unavailable. The ultimate question, in my view, is not how the declarant responds, it is whether the declarant does so. In this case, K.O. took the stand under oath and responded to all questions put to her by defense counsel. I submit that this is all that is required to satisfy the confrontation clause. I also disagree that KO.’s statement to C.O. was not sufficiently corroborated to warrant its admission in accordance with section 115— 10. “Corroborate” simply means “ ‘to add weight or credibility to a thing by additional or confirming facts or evidence.’ ” In re Alba, 185 Ill. App. 3d 286, 290 (1989), quoting In re Custody of Brunken, 139 Ill. App. 3d 232, 239 (1985). I note that the legislature did not qualify the term “corroborative evidence” in section 115 — 10. See 725 ILCS 5/115 — 10(b)(2)(B) (West 2002). Since it is improper to read into a statute any limitations or conditions that the legislature did not express (People v. Youngblood, 365 Ill. App. 3d 210, 211 (2006)), any amount of corroboration is sufficient to satisfy the statute. In this case, KO.’s statement was corroborated by her behavior. Specifically, K.O. touched her younger sibling’s penis in an unusual manner as C.O. changed his diaper. See People v. Hill, 289 Ill. App. 3d 859, 864 (1997) (holding child’s knowledge of sexual matters relevant to determining whether child was abused). It was in this context, after being told not to behave in this manner, that K.O. uttered, “Jimmy does it.” Admittedly, as the majority points out, the evidence available in Rolandis G., 232 Ill. 2d at 43-44, provided more corroboration for the statements at issue in that case. 396 Ill. App. 3d at 904. Nevertheless, in my view, the language of the statute does not require a great degree of corroboration to allow the admission of such statements. Accordingly, I would also hold that KO.’s statement to C.O. is admissible under section 115 — 10.